IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: VERONICA A. FLORENCE-MCPHERSON, Debtor | : : : | CHAPTER 13 BANKRUPTCY NO. 21-10490-amc |
| WATSON MORTGAGE CORP., Movant | : : : : | |
| vs. | : : | |
| VERONICA A. FLORENCE-MCPHERSON, Debtor | : : : | Attorney I.D. # 321659 |
| and | : : | |
| WILLIAM C. MILLER, ESQUIRE, Trustee | : : | 11 U.S.C. Section 362 |

## STIPULATION AND ORDER

AND NOW, it is hereby STIPULATED and AGREED by and between the undersigned as follows:

1. Starting on or before July 1, 2021, the Debtor shall send her regular monthly post-petition payments in the amount of $670.14 to Watson Mortgage Corp.

2. In the event one of the payments described in Paragraph 1, above, is not received by Watson Mortgage Corp. within fifteen days of the date due, the Movant shall notify the Debtor and the Debtor's attorney of the default in writing and the Debtor may cure the default within TEN days of the date of said Notice. If the Debtor should fail to cure the default within the ten day notice of default period, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant Relief from the Automatic Stay with regard to the Property.

3. The Stay provided by Bankruptcy Rule 4001(a)(3) is waived.

4. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the Court and the Court shall enter an Order granting Relief from the Automatic Stay with regard to the Property.

5. If the instant bankruptcy is terminated by either dismissal or discharge, this Stipulation shall be null and void and not binding on the parties.

6. Within ten days of the date of this Stipulation, the Debtor shall deliver to the Movant a Certificate of Insurance on the Property with Watson Mortgage Corp. being named as a loss payee. In the event the aforesaid Certificate of Insurance is not delivered within ten days from the date of this Stipulation, the Movant shall notify the Debtor and the Debtor's attorney of the default in writing and the Debtor may cure the default within TEN days of the date of said notice. If the Debtor should continue to fail to cure the default within the ten day notice of default period, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant Relief from the Automatic Stay with regard to the Property.

7. The Automatic Stay of all proceedings with respect to the Property is modified to allow the Movant, Watson Mortgage Corp., to inspect the Property and to enforce its right to inspect the Property in the Circuit Court, Tenth Judicial Circuit in and for Polk County, Florida. On or before July 31, 2021, the Debtor shall provide Movant with access to the Property for their inspection, including access through the gate into the community and into the Property itself. Such inspection may include a certified home inspector or appraiser. In the event the aforesaid access is not provided within the time provided in this Stipulation, the Movant shall notify the Debtor and the Debtor's attorney of the default in writing and the Debtor may cure the default within TEN days of the date of said notice. If the Debtor should continue to fail to cure the default within the ten-day notice of default period, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant Relief from the Automatic Stay with regard to the Property.

8.  The provisions of this Stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this Stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9.  The parties agree that a facsimile signature shall be considered an original signature.

Date: 6-15-21

BY: _____
Christopher S. Mahoney, Esquire
Attorney for Movant,
Watson Mortgage Corp.

Date: 6-26-21

BY: _____
Zachary Perlick, Esquire
Attorney for Debtor

Date: 6/30/2021

BY: /s/ William C. Miller, Trustee
William C. Miller
Chapter 13 Trustee
Trustee's signature electronically affixed indicating no objection to the Stipulation's terms and without prejudice to any rights and remedies.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: VERONICA A. FLORENCE-MCPHERSON, Debtor | : CHAPTER 13 : : BANKRUPTCY NO. 21-10490-amc |
| WATSON MORTGAGE CORP., Movant | |
| vs. | |
| VERONICA A. FLORENCE-MCPHERSON, Debtor | : Attorney I.D. # 321659 |
| and | |
| WILLIAM C. MILLER, ESQUIRE, Trustee | : 11 U.S.C. Section 362 |

## ORDER

AND NOW, on this _____ day of _____, 2021, it is ORDERED and DECREED that the foregoing STIPULATION is approved and made an Order of Court.

BY THE COURT:

_____
Ashely M. Chan, Bankruptcy Judge